UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| OVERTON K. KILLGO, and<br>SANDRA L. KILLGO,<br><br>   Plaintiffs,<br><br>v.<br><br>COVINGTON CREDIT OF TEXAS,<br>INC.,<br><br>   Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:18-cv-00034<br><br>JURY DEMAND |

## COMPLAINT

NOW comes OVERTON K. KILLGO ("Overton") and SANDRA L. KILLGO ("Sandra") (collectively "Plaintiffs"), by and through their attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of COVINGTON CREDIT OF TEXAS, INC., ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C § 227, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

4. Overton and Sandra are 58 and 44 year old natural persons, respectively, who reside at 2606 Wheless Lane, Apartment 4101, Austin, Texas, which is located within the Western District of Texas.

5. Plaintiffs are "person[s]" as defined by 47 U.S.C. § 153(39).

6. Defendant, a subsidiary of Southern Management Corporation, is a leading small loan consumer finance company.[1] Defendant is a corporation organized under the laws of the state of Texas with its principal place of business located at 101 North Main Street, Suite 600, Greenville, South Carolina. Defendant's registered agent is C T Corporation System with an address of 1999 Bryan Street, Suite 900, Dallas, Texas.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of Defendant's attempts to collect upon a payday loan debt ("subject consumer debt") said to be owed by Plaintiffs.

10. During the spring of 2017, Plaintiffs began receiving calls to their cellular phone, (512) XXX-7029, from Defendant.

---

[1] https://www.mymoneytogo.com/

11. At all times relevant to the instant action, Sandra was the account owner of the cellular phone ending in 7029, but both Overton and Sandra have been financially responsible for the cellular phone and its services, and both Plaintiffs are primary users of the phone.

12. Defendant mainly uses the phone number (512) 445-3279 when placing calls to Plaintiffs' cellular phone, but upon belief, it has used other numbers as well.

13. Upon information and belief, the aforementioned phone number ending in 3279 is regularly utilized by Defendant during its debt collection activity.

14. In June 2017, Overton suffered a stroke, which understandably put Plaintiffs in a difficult physical and financial situation.

15. When Plaintiffs answer calls from Defendant, they experience a recorded message and noticeable pause, lasting a handful of seconds in length, before a live representative begins to speak.

16. Upon speaking with Defendant, Plaintiffs have been informed that Defendant was seeking to collect upon the subject consumer debt.

17. Sandra notified Defendant regarding her husband's medical condition and that Plaintiffs were not in a financial situation to effectuate payment.

18. Despite Sandra's information, Defendant continued to relentlessly place phone calls to Plaintiffs' cellular phone.

19. As a result of the incessant nature of Defendant's collection campaign, Sandra told Defendant to stop calling.

20. Notwithstanding Plaintiffs' demand that it cease calling, Defendant continued to place unremitting calls to Plaintiffs' cellular phone into the summer of 2017.

21. Defendant has placed multiple calls to Plaintiffs' cellular phone on the same day, even after being told to stop.

22. For example, on May 24, 2017, May, 25, 2017, June 6, 2017, and June 15, 2017, Defendant placed not less than 2 calls to Plaintiffs' cellular phone within minutes of one another.

23. Plaintiffs have received not less than 30 phone calls from Defendant since asking it to stop calling.

24. Defendant's persistent phone calls have caused Plaintiffs additional stress, which has worsened Overton's overall physical condition.

25. With the goal of specifically addressing Defendant's conduct, Plaintiffs have expended approximately $62.00 to purchase and maintain an application subscription on their cellular phone to quell Defendant's contacts, resulting in pecuniary loss.

26. Frustrated over Defendant's conduct, Plaintiffs spoke with Sulaiman regarding their rights, resulting in expenses.

27. Plaintiffs have been unfairly and unnecessarily harassed by Defendant's actions.

28. Plaintiffs have suffered concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of their telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on their cellular phone, and diminished space for data storage on their cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
(OVERTON AND SANDRA AGAINST DEFENDANT)

29.     Plaintiffs repeat and reallege paragraphs 1 through 28 as though fully set forth herein.

30. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

31. Defendant used an ATDS in connection with its communications directed towards Plaintiffs' cellular phone. During answered calls from Defendant, Plaintiffs experienced a recorded message and noticeable pause lasting a handful of seconds in length prior to being connected with a live representative, which is instructive that an ATDS was being utilized to generate the calls. Moreover, the nature and frequency of Defendant's contacts, including placing multiple calls to Plaintiffs' phone within minutes of one another, points to the involvement of an ATDS.

32. Defendant violated the TCPA by placing at least 30 phone calls to Plaintiffs' cellular phone using an ATDS without their consent. Any consent Plaintiffs *may* have given to Defendant was explicitly revoked by their demands that it cease contacting them.

33. The calls placed by Defendant to Plaintiffs were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

34. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiffs for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiffs are otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiffs, OVERTON K. KILLGO and SANDRA L. KILLGO, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Awarding Plaintiffs damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

    c. Awarding Plaintiffs costs and reasonable attorney fees;

    d. Enjoining Defendant from further contacting Plaintiffs; and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
(OVERTON AND SANDRA AGAINST DEFENDANT)

35. Plaintiffs restate and reallege paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiffs are "consumer[s]" as defined by Tex. Fin. Code Ann. § 392.001(1).

37. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

38. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a. **Violations of TDCA § 392.302**

39. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

40. Defendant violated the TDCA when it continued to call Plaintiffs' cellular phone at least 30 times after being told to stop calling. The repeated contacts were made with the hope that Plaintiffs would succumb to the harassing behavior and ultimately make a payment upon a debt for which they did not presently have the financial means to make payment. The nature and volume of phone calls would naturally cause an individual to feel oppressed, including the placing of multiple calls on the same day in short succession.

41. Upon being told to stop calling, Defendant had ample reasons to be aware that it should not continue its harassing campaign of collection calls to Plaintiffs.  Yet, Defendant consciously chose to continue placing calls to Plaintiffs' cellular phone.

WHEREFORE, Plaintiffs, OVERTON K. KILLGO and SANDRA L. KILLGO, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiffs to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiffs actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiffs punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiffs costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 17, 2018                                      Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)            s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                  Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                           Counsel for Plaintiff
Admitted in the Western District of Texas       Admitted in the Western District of Texas
Sulaiman Law Group, Ltd.                                 Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200              2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                     Lombard, Illinois 60148
(630) 568-3056 (phone)                                      (630) 581-5858 (phone)
(630) 575-8188 (fax)                                           (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                            thatz@sulaimanlaw.com